IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, a minor, by and through her parents and natural guardians, MARY DOE and JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>NESHANNOCK TOWNSHIP SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Civil Action No. 15-1089<br><br>Judge Cathy Bissoon |

## MEMORANDUM ORDER

### I. MEMORANDUM

This lawsuit stems from an alleged sexual assault that occurred during a Neshannock High School field trip to New York City. See generally Compl. (Doc. 1). Plaintiff, by and through her parents and natural guardians, filed the instant seven-count complaint against Neshannock Township School District ("NTSD"), the chaperoning teachers, Tracey McCalla, Luca Passarelli, Leslie Herman, Jeanne Priscell, Lina Busin, and Anita Sleighter (collectively, the "Neshannock Defendants"), the four students who allegedly perpetrated the sexual assault, G.R., T.S., A.S., and D.R. (the "Student Defendants"), and each of those students' parents -- Tina R., George R., parents and natural guardians of G.R.; Elena C., Sam S., parents and natural guardians of T.S., Shellie S.; and Anthony S., parents and natural guardians of A.S., and Dena T. and David R., parents and natural guardians of D.R. (the "Parent Defendants"). Specifically, Plaintiff alleges the following violations of federal law: violation of Title IX, 20 U.S.C. § 1681 against the Neshannock Defendants for deliberate indifference to plaintiff's sexual harassment (Count I); violation of 42 U.S.C. § 1983 against the Chaperone Defendants for injury to bodily

1

integrity as a result of state created harm (Count II); and violation of 42 U.S.C. § 1983 against Defendant Neshannock Township School District for Monell liability for failure to train and supervise (Count III). Plaintiff also alleges the following causes of action under Pennsylvania state law: assault and battery against the Student Defendants (Count IV); negligent supervision against the Parent Defendants (Count V); intentional infliction of emotional distress ("IIED") against the Student Defendants (Count VI); and negligent inflection of emotional distress ("NIED") against the Student Defendants (Count VII). See generally Doc. 1.

Save for Defendant D.R. and his parents, Defendants Dena T. and David R., who have not appeared to defend this action, and Defendant Sam S., who has not been properly served, all remaining Defendants filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See generally Docs. 30, 32, 35, 39, 41, 47 and 49.

## ANALYSIS

### A. The Answering Defendants

As a preliminary matter, the Court notes that on October 23, 2015, Defendants A.S., Shellie S. and Anthony S. filed an answer and asserted a number of cross-claims against all remaining Defendants. See Doc. 6. Subsequent to answering the Complaint, Defendant A.S. and Defendants Shellie S. and Anthony S. filed Motions to Dismiss. See Docs. 47 and 49. Those Motions are DENIED pursuant to Federal Rule of Civil Procedure 12, which requires that a motion making any of the Rule 12(b) defenses must be made before a pleading if a further pleading is permitted. In this case, the motion to dismiss needed to be filed prior to the answer. If the answering parties wish to reassert their arguments in the form of a Motion on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c), they are permitted to do so.

2

**B. The Neshannock Defendants**

The Neshannock Defendants move to dismiss Counts I, II, and III against them (Doc. 35). The Neshannock Defendants Motion will be granted as to Count I against the Chaperone Defendants and denied in all other respects. As Plaintiff concedes, Title IX does not provide for individual liability and therefore Count I must be dismissed insofar as it applies to the Chaperone Defendants. The Court finds that as to the remaining claims and Counts against the Neshannock Defendants, Plaintiff has pled sufficient facts to survive a motion to dismiss. The Neshannock Defendants' arguments are better suited for summary judgment, after the factual record has been developed. Indeed, much if not all of the case law that the Neshannock Defendants rely on to support their motion, analyzes these types of claims at the summary judgment stage.

**C. The Parent Defendants**[1]

Count V of the Complaint alleges negligent supervision against the Student Defendant's parents, the Parent Defendants. The Parent Defendants filed Motions to Dismiss Count V against them arguing that Plaintiff has not pled sufficient facts to state a claim for negligent supervision. (Docs. 30 and 39). The Court agrees.

By all accounts, the Parent Defendants were not on the field trip and therefore not present on the bus when the sexual assault occurred. Under Pennsylvania law, merely being someone's parent does not make them liable for the torts of the child. J.H. ex. r. Hoffman v. Pellak, 764 A.2d 64, 66 (Pa.Super.Ct. 2000). However, parents may be liable where "negligence on the part of the parents make the injury possible." Id. Nothing in the Complaint points to actual

---

[1] The definitions the Court established in the introductory paragraphs, categorizing Defendants as "Student Defendants" and "Parent Defendants" from this point forward do not include non-appearing Defendants D.R., Dena T., David R., and Sam S. and Answering Defendants, A.S., Shellie S., and Anthony S.

negligence on the part of the Parent Defendants. Mere conclusory statements that the Parent Defendants were negligent are insufficient to survive a motion to dismiss. See Doc. 1 at ¶¶ 98-101. However, the Court could envision facts consistent with the facts alleged in the Complaint that would be sufficient to support a claim for negligent supervision. Therefore, Count V as to Defendants Tina R., George R., and Elana C. is DISMISSED WITHOUT PREJUDICE to Plaintiff filing an amended complaint, if appropriate.

**D. The Student Defendants**

Defendants G.R. and T.S. move to dismiss Counts VI and VII. For the reasons that follow, the Student Defendants Motions to Dismiss are DENIED.

*Count VI – Intentional Infliction of Emotional Distress*

Under Pennsylvania law, in order to establish a claim for intentional infliction of emotional distress, a plaintiff must establish the following four elements: (1) the conduct must be extreme and outrageous, (2) the conduct must be intentional or reckless, (3) the conduct must cause emotional distress, and (4) the emotional distress must be severe. Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. Ct. 1997), aff'd 720 A.2d 745 (Pa. 1998). The Court finds that Plaintiff has more than met her burden in pleading sufficient facts to state a claim for relief. Plaintiff fell asleep on a bus during a school field trip. Doc. 1 at ¶ 45. She awoke to discover two of her classmates sexually assaulting her without her consent. Id. at ¶ 47. The assault stopped when she woke up. Id. at ¶ 48. She cried the remainder of the bus trip home. Id. at ¶ 49. Her emotional distress continued such that she could not continue to attend school. Id. at ¶¶ 59-63.

Notably, the Student Defendants argue that Plaintiff has failed to establish that their conduct was outrageous. Doc. 42 at 3-4 and Doc. 33 at 4-7. It is of no consequence to the Court

that the Student Defendants regard this conduct as a case of teenagers' shenanigans and poor judgment on a school field trip.  That is not dispositive to the Court's analysis. That this type of conduct may occur with some frequency in the communities where we raise our children does not prevent the Court from finding that it is outrageous.  That we as a society have numbed to the outrageousness of sexual assault makes it no less outrageous.  Just because such a large percentage of our population has "shared" this experience should not and does not mean that each individual assault is not outrageous.  Indeed, the Court finds it truly incredible that the Student Defendants would even suggest that the alleged conduct is not outrageous.  The Court finds the conduct alleged in the Complaint, conduct that does not appear to be in dispute by any of the parties, to be sufficiently outrageous to survive these Motions to Dismiss.

*Count VII – Negligent Infliction of Emotional Distress*

Under Pennsylvania law, to establish a claim for NIED Plaintiff must argue that in addition to negligence on the part of the Student Defendants, Plaintiff must prove one of four factual scenarios: (1) that the Student Defendants had a contractual or fiduciary duty toward the plaintiff; (2) that Plaintiff was subjected to a physical impact; (3) that Plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) that Plaintiff observed a tortious injury to a close relative.  Doe v. Philadelphia Community Health Alternatives AIDS Taskforce, 745 A.2d 25, 27 (Pa.Super.2000), aff'd, 767 A.2d 548 (2001).  Here, Plaintiff relies on the second theory, that she was "subjected to a physical impact."   In doing so, she must demonstrate that negligence on the part of the Student Defendants led to a physical impact, and the physical impact created emotional distress resulting in physical manifestation.  Id.; see also Shumosky v. Lutheran Welfare Servs. Of Ne. Pa., Inc., 784 A.2d 196, 201-02 (Pa.Super.2001).

5

The Student Defendants argue that Plaintiff's complaint does not allege that the touching amounted to any physical injury. They further argue that Plaintiff failed to establish the requisite physical injury, as she does not allege any physical manifestation of distress.

Plaintiff relies on the sexual assault as the physical impact and then cites generally to suffering from severe emotional distress, humiliation, anguish, and emotional and physical injuries to support the emotional distress and physical manifestation components of the claim. Doc. 1 at ¶¶ 109-113. In doing so, Plaintiff has indeed pled sufficient facts to state a claim for relief against the Student Defendants for NIED. And, as Plaintiff indicates in her responsive briefing, if discovery bears out the claims the Student Defendants asserted in their Motions to Dismiss, they will have an opportunity to so argue in a Rule 56 motion. Doc. 58 at 10.

## II. ORDER

Consistent with the foregoing, Defendant Elana C.'s Motion to Dismiss (**Doc. 30**) is **GRANTED**; Defendant T.S.'s Motion to Dismiss (**Doc. 32**) is **DENIED**; Defendants Neshannock Township School District, Lina Busin, Leslie Herma, Tracey McCalla, Luca Passarelli, Jeanne Priscell and Anita Sleighter's Motion to Dismiss (**Doc. 35**) is **GRANTED** as to Count I against Defendants Lina Busin, Leslie Herma, Tracey McCalla, Luca Passarelli, Jeanne Priscell and Anita Sleighter and **DENIED** in all other respects; Defendants George R. and Tina R.'s Motion to Dismiss (**Doc. 39**) is **GRANTED**; Defendant G.R.'s Motion to Dismiss (**Doc. 41**) is **DENIED**; Defendant A.S.'s Motion to Dismiss (**Doc. 47**) is **DENIED**; and Defendants Anthony S. and Shellie S.'s Motion to Dismiss (**Doc. 49**) is **DENIED**.

IT IS SO ORDERED

May 31, 2016                                          s\Cathy Bissoon                    
                                                      Cathy Bissoon
                                                      United States District Judge


cc (via ECF email notification):

All Counsel of Record